J-S05001-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN ALEXANDER MEDINA | : | |
| | : | |
| Appellant | : | No. 1410 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 16, 2025
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0002028-2023

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED APRIL 7, 2026**

Jordan Alexander Medina appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas on April 16, 2025, following his open guilty plea to six counts of sexual abuse of children, one count of criminal use of communication facility, and one count of possession of an instrument of crime.[1] Medina attempts to challenge his guilty plea on appeal. As Medina failed to preserve a challenge to the voluntariness of his plea, we find this claim waived, and affirm the judgment of sentence.

Between November 15, 2022, and November 16, 2022, Medina's internet service provider notified law enforcement that there were child sexual

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A § 6312(d), 18 Pa.C.S.A § 7512(a), 18 Pa.C.S.A § 907(a).

abuse materials registered to Medina's IP address. **See** N.T., Open Guilty Plea, 9/16/24, at 6, 10. When law enforcement officers arrived at Medina's residence, Medina provided and unlocked his cell phone for law enforcement to view. **See id.** at 6. The Commonwealth subsequently charged Medina with possession of photographs depicting child pornography and related offenses.

On September 16, 2024, Medina entered an open guilty plea to the above referenced charges. During an oral colloquy on the record, Medina affirmed he understood what he was doing and did not have any questions about what he was doing. **See id.** at 8. Medina affirmed that he discussed and filled out a written plea colloquy with his counsel prior to the hearing. Importantly, Medina affirmed that he initialed the bottom of every page and signed and dated the final page of the written colloquy. The court found Medina had knowingly, intelligently and voluntarily entered an open plea.

On April 16, 2025, the trial court sentenced Medina to eleven and one-half to twenty-three months' imprisonment, plus a consecutive term of four years' probation. On April 25, 2025, Medina filed a post-sentence motion to reconsider sentence, arguing against extended incarceration, and seeking a modification of his sentence to 60 days' incarceration. On May 5, 2025, the trial court denied the motion. This timely appeal followed.

On appeal, Medina contends that his guilty plea was not knowingly and voluntarily entered because the oral plea colloquy failed to explain his right to a jury trial. In response to Medina's claim of error, both the trial court and the

Commonwealth find that this issue is waived. Upon review of the record, we agree that Medina is not entitled to relief on his claim regarding the propriety of his guilty plea.

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citation omitted). "Failure to employ either measure results in waiver." ***Id***. at 610 (citation omitted).

Here, Medina did not raise any claim regarding the voluntariness of his plea during the plea hearing, prior to sentencing, or at sentencing. Further, Medina did not file any post-sentence motions to withdraw his guilty plea. While he filed a post-sentence motion, he only sought a reduction in his sentence. Therefore, Medina waived his challenge to his guilty plea by failing to preserve the argument. ***See id***. at 610.

As Medina has waived his sole issue raised on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2026

- 3 -